UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELAINE RUTH VON BOKEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-2517 CAS |
| JOHN M. MCHUGH, | ) |
| Secretary, Department of the Army, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on pro se plaintiff Elaine Ruth Von Bokel's "Request to Submit an Objection to Dismiss and to Submit a More Definite Statement and for an Enlargement of Time to File the Documents." The Court construes this filing as a motion for an extension of time to file plaintiff's opposition to defendant's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and possibly as a motion for leave to file an amended complaint. Plaintiff seeks until August 1, 2014 to file her opposition and states that defendant's counsel does not object. Plaintiff's motion will be granted. Plaintiff shall file her Memorandum in Opposition to defendant's Motion to Dismiss by August 1, 2014.

If plaintiff intends to file an Amended Complaint instead of or in addition to responding to defendant's Motion to Dismiss, different procedures and deadlines apply. Under Rule 15(a)(1)(B), Fed. R. Civ. P., plaintiff has twenty-one (21) days after service of defendant's Motion to Dismiss to file an Amended Complaint without leave of Court.

If plaintiff seeks to file an Amended Complaint more than twenty-one (21) days after service of defendant's Motion to Dismiss, leave of Court is required. See Rule 15(a)(2), Fed. R. Civ. P. In that instance, plaintiff must file a Motion for Leave to File an Amended Complaint and submit her

proposed Amended Complaint along with the Motion for Leave.  Plaintiff is advised that any amended complaint would completely replace her original complaint.  As a result, all pertinent information, including exhibits, must be contained in the amended complaint.  An amended complaint cannot incorporate the original complaint by reference.

Plaintiff is advised while pro se pleadings are liberally construed and held to less stringent standards than those drafted by an attorney, Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994), a pro se litigant is not excused from complying with court orders and substantive and procedural law, including deadlines, "even without affirmative notice of the application of the rules to [her] case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time to respond to defendant's Motion to Dismiss is **GRANTED**.  [Doc. 15]

**IT IS FURTHER ORDERED** that plaintiff shall file her Memorandum in Opposition to defendant's Motion to Dismiss by **August 1, 2014**.

**IT IS FURTHER ORDERED** that if plaintiff wishes to file an amended complaint, she shall comply with the Federal Rules of Procedure and this Order in doing so.

                                                    _/s/ Charles A. Shaw_
                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this   11th   day of July, 2014.